## UNITED STATES v. WILLIAMS.
### No. 11037.

United States Court of Appeals
Seventh Circuit.
May 13, 1954.

William Jakofsky, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John D. Schwartz, Asst. U. S. Atty., Abner F.

Bond, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, LINDLEY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

The District Court denied a motion by appellant, under section 2255, Title 28 U.S.C.A., to vacate a sentence imposed upon him pursuant to a plea of guilty. This appeal followed.

The transcript of the record filed in this court shows that appellant on March 27, 1953, appeared in the District Court and withdrew a prior plea of not guilty, and entered a plea of guilty. He was thereupon sentenced upon the judgment of the court for a term of five years.

His aforesaid motion under section 2255 is based upon the ground that he was illegally arrested, in that the arresting officer entered his residence without having or serving a search warrant.

In his brief, appellant cites several cases involving motions to suppress evidence because of illegal searches and seizures. They are inapplicable here.

Even if appellant had been arrested under the circumstances alleged by him in his motion, that fact does not indicate that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence. Regardless of how he got there, appellant was actually present in open court. If he desired to object to the jurisdiction of the court over his person, he should have raised that question specifically. When he entered a plea of guilty to the pending charges, he waived that objection. Ford v. United States, 273 U.S. 593, 606, 47 S.Ct. 531, 71 L.Ed. 793.

In Stamphill v. Johnston, 9 Cir., 136 F.2d 291, at page 292, it was said:

"* * * However the defendant was brought before the District Court, once he was there it had and was bound to exercise complete jurisdiction over him. It is clear that the federal authorities had actual possession of appellant during his trial in the federal court."

The court thereupon held that jurisdiction resulted from that possession and that the rightfulness of what was done in the exercise of that jurisdiction could not be raised by habeas corpus.

The motion and the files and records of this case conclusively show that appellant is entitled to no relief under section 2255. The District Court, therefore, did not err in denying the motion and its order should be affirmed.

Mr. William Jakofsky acted as court-appointed counsel for appellant in this court, which is duly appreciative of the time and effort which he put forth in this matter.

Affirmed.