RICHARD P. BRISSON v. WARDEN OF CONNECTICUT STATE PRISON

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 136666

Memorandum filed February 14, 1964

*Richard P. Brisson,* pro se.

*Allyn L. Brown, Jr.,* state's attorney, for the defendant.

HOUSE, J. The petition filed in this case alleges that the petitioner is illegally imprisoned in the state prison for the reasons set out in his "Statement of the Case and Petition for the Writ of Habeas Corpus." To the petition the respondent has filed a return and answer that the petitioner is duly and legally confined pursuant to a mittimus from the Superior Court in New London County. The mittimus discloses that the petitioner was on April 30, 1963, sentenced to an effective term of not less than two and not more than seven years in the state prison on a plea of guilty to two counts of indecent assault and two counts of showing an obscene movie.

As originally filed, the petition made four claims that the petitioner's constitutional rights had been violated. At the hearing, the fourth ground was withdrawn. It may be noted that this withdrawn

claim raised the issue that at the time of sentence the judge did not make a personal inquiry of the accused as to whether he had anything to say on his own behalf. Such a claim is without merit in this jurisdiction. See *State* v. *Hoyt,* 47 Conn. 518, 542-46; 5 Wharton, Criminal Law and Procedure § 2181. In any event, it need not now be considered in view of the withdrawal.

Of the remaining grounds claimed, the first is that the petitioner did not have counsel at the bind-over proceedings in the Circuit Court. The second is that two charges were transferred from Middlesex County to New London County and disposed of in New London County under the provisions of § 54-17a of the General Statutes when no "transfer" was actually made pursuant to the statute and the accused did not consent to the transfer. The third basis for the petition is the claim that the petitioner pleaded guilty to the two Middlesex County charges the same day and immediately upon his arrest, it being the claim of the petitioner that such a speedy arraignment deprived him of his constitutional rights.

The petitioner and the state's attorney were fully heard at the hearing, and the court has examined the very well prepared brief and statement submitted by the petitioner, as well as the transcripts of all proceedings at the bind-over hearing in the Circuit Court and the arraignment and sentencing proceedings in the Superior Court.

Even if there were merit to the three claims advanced by the petitioner or if there were irregularities or technical defects in prior proceedings, these were all waived by the pleas of guilty by the petitioner to the charges for which he was sentenced and for which he is now confined. The plea of guilty waives any defect which is not jurisdictional. It

is a confession of guilt in the manner and form as charged in the indictment. An accused by pleading guilty waives all defenses other than that the indictment charges no offense. He also waives the right to trial and the incidents thereof and the constitutional guarantees with respect to the conduct of criminal prosecutions. Also, since the plea of guilty is an admission of the material facts in the indictment, including the facts concerning the situs of the crime, the plea operates to waive any right to be tried in the county where the acts were actually committed, and the judgment cannot be collaterally attacked on that ground. See 4 Wharton, Criminal Law and Procedure § 1901; 5 id. § 2012; 2 Underhill, Criminal Evidence (5th Ed.) § 398; 14 Am. Jur., Criminal Law, § 272; 22 C.J.S., Criminal Law, § 424; see also *Grasso* v. *Frattolillo,* 111 Conn. 209, 212; *Weir* v. *United States,* 92 F.2d 634 (7th Cir.), cert. denied, 302 U.S. 761, rehearing denied, 302 U.S. 781. "An accused may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court." *Sauskelonis* v. *New Britain,* 89 Conn. 298, 303; *State* v. *Brockhaus,* 72 Conn. 109, 117.

Habeas corpus cannot be utilized as a substitute for an appeal of the original action or for a writ of error or to review irregularities of procedure or questions as to the sufficiency of evidence, nor to raise defenses available but not pressed by an accused at the time of trial. *Wojculewicz* v. *Cummings,* 143 Conn. 624, 628; *In re Bion,* 59 Conn. 372, 386.

Even going behind the guilty pleas, it does not appear that there was any violation of the petitioner's constitutional rights or that he was denied "the substance of a fair trial in a situation where he was not in a position to protect himself because

of ignorance, duress or other reason for which he should not be held responsible." *Wojculewicz* v. *Cummings,* supra, 629. In the first instance, of course, the petitioner, with the advice of competent counsel, elected not to stand trial but to plead guilty. Upon his first appearance in the Circuit Court, he was fully advised of his constitutional rights, the public defender was informed of the situation, and the petitioner expressly and in open court waived a hearing on probable cause and was bound over to the Superior Court. He was not put to plea in the Circuit Court. In any event, the bind-over proceeding there was in no sense a trial. It was a mere judicial inquiry or inquest. *State* v. *Fox,* 83 Conn. 286, 295; *State* v. *Wilson,* 22 Conn. Sup. 345, 346; 14 Am. Jur., Criminal Law, § 241.

So far as the two offenses committed in Middlesex County are concerned, it appears that a bench warrant was issued in Middlesex County and the state's attorney for New London County by letter informed counsel for the accused of the pendency of these charges and the latter communicated with the state's attorney for Middlesex County concerning the transfer for consolidation in New London. It is true that but a brief time elapsed between the actual arrest of the accused in the New London courthouse on the Middlesex County bench warrant and his plea to the charges set out in the information contained in that bench warrant. However, in view of what had preceded the actual presentment, the earlier information communicated to counsel by the state's attorney, the express waiving in open court of the reading of the information and the guilty pleas personally entered by the accused to the two counts contained in the Middlesex County information, it cannot now be claimed that there was any lack of consent to the transfer and presentment in New London County.

It appears that there is no merit to the petitioner's claims that his constitutional rights have been violated but rather that he is legally confined pursuant to the direction of the mittimus issued by the Superior Court in New London County.

Accordingly, the petition is dismissed.