No. 44,374

KENNETH ELTON PETERSON, *Appellant, v.* STATE OF KANSAS, *Appellee.*

(422 P. 2d 567)

Opinion filed January 21, 1967.

*Richard L. Honeyman,* of Wichita, argued the cause and was on the briefs for the appellant.

*Tyler C. Lockett,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an order overruling petitioner's motion to vacate or set aside a sentence in a proceeding brought under the provisions of K. S. A. 60-1507.

The petitioner sets out six points in his appeal. Five of the questions presented pertain to whether petitioner's constitutional rights were violated in the criminal proceeding which resulted in his conviction and sentence. In his sixth point petitioner claims the trial court erred in holding his motion presented no substantial issues of fact or questions of law requiring the presence of petitioner or appointment of counsel.

On March 7, 1960, the petitioner, who was represented at the time by counsel of his own choice, waived arraignment and entered a plea of guilty to robbery in the first degree. (G. S. 1949, 21-527, now K. S. A. 21-527.) The trial court, after interrogating petitioner and his counsel, accepted the plea, found petitioner guilty as charged, overruled petitioner's oral application for probation, and sentenced petitioner to the Kansas State Reformatory for a term of not less than ten nor more than twenty-one years pursuant to G. S. 1949, 21-530, now K. S. A. 21-530.

Thereafter petitioner was transported to the reformatory and later to the Kansas State Penitentiary where he is now confined. The record fails to disclose the circumstances of petitioner's transfer to the penitentiary.

The petitioner filed his motion, the subject of this appeal, in the sentencing court on February 18, 1965. On March 18, 1965, the trial court considered petitioner's motion. The journal entry of judgment reflects the trial court considered each point presented by petitioner in his motion, ruled adversely to petitioner in each instance, and concluded the motion should be overruled in its entirety.

We are convinced from our examination of the record on appeal that the findings and conclusions of the trial court are fully supported by the files and records considered by the court in overruling petitioner's motion. The trial court found that petitioner was represented either by appointed counsel or retained counsel at every critical stage of the proceedings. Our examination of the record reveals that petitioner appeared in division No. 1 of the Court of Common Pleas of Sedgwick County on October 6, 1959, at which time petitioner was apprised of the charges, an attorney was appointed to defend him, and his preliminary hearing was set for October 19, 1959. On this point the trial court further found, and the record so reflects, the preliminary hearing was continued until November 2, 1959, at which time petitioner appeared with his retained counsel, waived preliminary hearing, and was bound over for trial at the next term of the district court.

The record further discloses that petitioner appeared before the district court on March 7, 1960, with his retained counsel, waived arraignment, and entered his plea of guilty. The record shows that petitioner was not without counsel at any critical stage of his trial.

Petitioner claims that his constitutional rights were violated in obtaining his confession during extended interrogation without counsel and later in playing back a tape recording of his confession in the presence of petitioner, his counsel, and the presiding magistrate on the day of his preliminary hearing. The record discloses no objection was made to such procedure and further that such confession was never placed in evidence as petitioner entered a plea of guilty. The cases cited by petitioner all deal with confessions that were used as evidence in securing a conviction.

The trial court was warranted in finding petitioner's constitutional rights were not violated in this regard since the confession was

never used in obtaining petitioner's conviction. Furthermore, the mere fact that petitioner was without counsel at the time of making the confession, standing alone, does not amount to a denial of his constitutional rights. (*Powers v. State*, 194 Kan. 820, 402 P. 2d 328, and *Goodwin v. State*, 195 Kan. 414, 407 P. 2d 528.)

Petitioner claims that his constitutional rights were violated when he was forced to appear in a police lineup. In ruling adversely to petitioner on this point the trial court found such procedure was for identification only and not a violation of petitioner's constitutional rights. The determination of the trial court is in accord with decisions of this court following the general rule that the scope of the privilege against self-incrimination is limited to compulsory oral examination or the equivalent thereof. (See *State v. Freeman*, 195 Kan. 561, 408 P. 2d 612, cert. den. 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981; *State v. Hill*, 193 Kan. 512, 394 P. 2d 106; 21 Am. Jur. 2d, Criminal Law, § 368, p. 391; 22A C. J. S., Criminal Law, § 652 [b], p. 556; 8 Wigmore on Evidence, § 2263, pp. 378, 379, [McNaughton rev. 1961].)

In *People v. Lopez*, 60 C. 2d 223; 32 Cal. Rptr. 424, 384 P. 2d 16, a police show up was described as a part of the investigation procedure and often results in the release of a suspect. It was pointed out in the opinion that a show up exposes suspects to view for purposes of identification or elimination but not incrimination.

For his fourth point petitioner claims the delay of three days before bringing him before a magistrate was a violation of his constitutional rights. The record shows petitioner was arrested at 10:20 p. m. on Saturday, October 4, 1959. A warrant was obtained the following Monday and the petitioner was brought before the magistrate on Tuesday, October 6, 1959. We find no unwarranted delay in these proceedings. Furthermore, petitioner fails to suggest any way in which he was deprived of a fair trial resulting in a denial of due process.

In *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652, there was actually some delay between arrest and appearance before a magistrate. There we held:

"Undue delay in bringing one accused of crime before a magistrate is not, of itself, a denial of due process. It is only where a preliminary delay in some way deprives an accused of a fair trial that there can be a denial of due process.

"The guaranty of a speedy trial contained in Section 10 of the Bill of Rights of the Kansas Constitution does not refer to the preliminary examination, but

rather to the trial held after an indictment is returned or an information is filed, and at which the issue of guilt or innocence is to be determined." (Syl. ¶¶ 1, 2.)

See, also, *McCuan v. State,* 196 Kan. 413 P. 2d 69.

Finally petitioner claims the trial court erred in not requiring the presence of petitioner or appointing counsel for his 60-1507 hearing. In this connection the journal entry reflects:

"WHEREUPON, after examining the files and records in this matter and being advised in the premises, the Court finds as follows:

"That the motion attacking the sentence presents no substantial issues of facts or substantial questions of law or triable issues of fact for which the court needed to request the presence of the movant or appoint counsel in this case. . . ."

The court then recites, in the journal entry of judgment, excerpts from the court's records and files which answer chronologically the allegations of petitioner's motion. Under these circumstances a plenary hearing would have served no practical purpose.

Where the files and records of the case in the sentencing court conclusively show that the petitioner is not entitled to relief in a proceeding under K. S. A. 60-1507 the petitioner's presence, appointment of counsel or a formal plenary hearing are not required. (*Blacksmith v. State,* 195 Kan. 523, 407 P. 2d 486, and *State v. Burnett,* 194 Kan. 645, 400 P. 2d 971.)

We hold the trial court was well within the limits of sound discretion in determining that a full hearing, with petitioner present and counsel representing him, was not required to determine the issues presented by the petitioner's motion.

The judgment is affirmed.