435 P.2d 261

James V. **HIGHEAGLE**, Plaintiff-Appellant,

v.

The STATE of Idaho, Defendant-Respondent.

No. 9986.

Supreme Court of Idaho.

Dec. 15, 1967.

Hawley, Troxell, Ennis & Hawley, Boise, for plaintiff-appellant.

Allan G. Shepard, Atty. Gen., and William D. Collins, Asst. Atty. Gen., Boise, for defendant-appellee.

McFADDEN, Justice.

James V. Higheagle, an inmate of the Idaho State Penitentiary, filed a handwritten petition for writ of habeas corpus with the Ada County District Court. In his petition, appellant claims that his incarceration in the penitentiary is illegal because of, among other things, failure to afford him counsel during proceedings in which he pled guilty to a felony. He states:

"That commitment is illegal in that it has resulted from erroneous proceedings which did deny the petitioner his given constitution rights to counsel at all stages of proceedings, to fair and impartial trial, and to be fully informed of those rights, that the petitioner did waive certain rights, without fully realizing the consequence of his act.

"That the Court was in error by not making clear its instructions as to court rights and by not making certain the petitioner was in full understand of these given rights, * * *.

"That the petitioner is an illiturate person * * *.

"The Court erred further in not appointing counsel to the petitioner when it was apparent that he did not have enough education to understand the processes of law, * * *."

The trial court entered its order dismissing his petition and he appealed. Upon request of appellant, this court appointed counsel to represent him on this appeal.

■ Accepting the allegations of his petition as being true, Johnson v. State, 85 Idaho 123, 376 P.2d 704 (1962), it is the conclusion of the court that the petition, although ineptly drawn, sufficiently states facts presenting issues involving claimed denials of appellant's constitutional rights. See: Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461, (1938), and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel); Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (acceptance of guilty plea by court without determination of whether accused understood proceedings).

■ Inasmuch as the petition in this case sets forth alleged facts requiring further proceedings, attention is called to the provisions of Chapter 49 of Title 19, Idaho Code; under that chapter, the proper venue for a petition thereunder is in the county of conviction; the allegations of the petition here sufficiently conform to that chapter's requirements; and should any amendment of the petition be required, authority is to be found therein for such amendment. Chapter 49 of Title 19 deals with procedure and while it became law subsequent to filing of appellant's petition, it is to be considered as governing applications "challenging the validity of conviction or sentence" subsequent to its effective date.

The order of the trial court is reversed and the cause remanded for further proceedings in conformity with this opinion and the provisions of Chapter 49 of Title 19, Idaho Code.

TAYLOR, C. J., and SMITH, McQUADE, and SPEAR, JJ., concur.