446 P.2d 886

Thomas Wayne WALKER, Plaintiff-
Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 10228.

Supreme Court of Idaho.

Nov. 7, 1968.

William W. Becker, Pocatello, for plain-
tiff-appellant.

Allan G. Shepard, Atty. Gen., and Roger
B. Wright, Deputy Atty. Gen., Boise,
Hugh C. Maguire, Pros. Atty., Pocatello,
for defendant-respondent.

SPEAR, Justice.

This is an action for post-conviction re-
lief initiated by the appellant. The State,
through the prosecuting attorney of Ban-
nock County, moved to dismiss appellant's
application on the ground that the same
failed to state facts sufficient to challenge
the validity of the conviction and sentence.

From an order of the district court granting the State's motion, this appeal was taken.

The appellant was accused by information of the offense of second degree burglary, alleged to have been committed on July 22, 1967, at a home located about ten miles west of Virginia, on Hawkins Creek Road, in Bannock County, Idaho. He was arrested August 15, 1967, and on the same day waived his right to a preliminary hearing. On August 21, 1967, six days after his arrest, appellant was arraigned in the district court of the sixth judicial district of the State of Idaho, in and for the County of Bannock, and Herman J. McDevitt, of the firm of McDevitt and McDevitt, Pocatello attorneys, was appointed as his counsel. The proceeding was continued to allow appellant time within which to consult Mr. McDevitt.

On September 6, 1967, appellant appeared in open court with his counsel and entered a plea of guilty to the charge of burglary in the second degree. Thereafter, appellant was released from custody on his own recognizance pending receipt of a pre-sentence investigation report by the court.

On October 2, 1967, appellant again appeared in court with his counsel, the court having previously received the pre-sentence investigation report; and on that date appellant was sentenced to an indeterminate term of not to exceed five years in the Idaho State Penitentiary.

On October 30, 1967, appellant filed his motion for post-conviction relief pursuant to the provisions of Chapter 49, Title 19, of the Idaho Code, and on November 13, 1967, counsel was regularly appointed to represent him in such proceedings.

On November 16, 1967, the State, through the prosecuting attorney of Bannock County, filed a motion to dismiss appellant's application on the ground that the same failed to state facts sufficient to challenge the validity of the conviction and sentence.

Over the objection of appellant's counsel, the trial court set a hearing on the State's motion for December 26, 1967, and after hearing oral arguments by counsel for the State and for appellant, and after reviewing the petition for post-conviction relief "and the records and file," the petition was dismissed on the grounds that it "does not set forth any grounds upon which the petitioner can be granted relief." This order was entered on December 27, 1967, but it contained the following further provision:

"IT IS FURTHER ORDERED that, unless the Petition is amended within the period allowed by statute, showing grounds for relief, this Order will become final."

Through inadvertence a final order or judgment dismissing the petition was not entered until October 31, 1968. An appeal was immediately taken from that final order, and counsel stipulated that the record could be augmented by including (1) the final judgment; (2) the appeal therefrom; and (3) a certificate complying with the provisions of Idaho Supreme Court Rule 35. It was also stipulated that the new appeal was submitted to this court on the original record, as augmented, and the briefs and oral arguments previously filed and presented.

Appellant relies on only one assignment of error, namely, that the trial court erred in summarily dismissing the appellant's motion for post-conviction relief without ordering his production and presence at a full evidentiary hearing. In his brief, appellant contends that where a motion for relief under Chapter 49, Title 19, of the Idaho Code, alleges substantial issues of fact in which the "Movant" participated, the trial court should order his production for a full evidentiary hearing, and he cites numerous authorities to sustain this contention. The substantial issues of fact relied upon by appellant as having been asserted in his motion for post-conviction relief are (1) that his guilty plea was not voluntarily made, and (2) he was not adequately and properly represented by counsel.

However, under the Idaho Uniform Post-Conviction Procedure Act, whether or not there are substantial issues of fact as to

evidence in which the applicant participated and for the resolution of which a full evidentiary hearing with the applicant present is required, is discretionary with the trial court, referred to in the Act as the "sentencing court." The Act provides:

> I.C. § 19–4907(b) "The applicant should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to the evidence in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the applicant to be present."

The question presented to the trial court was whether or not the assertions or allegations made by appellant in his motion for post-conviction relief raised substantial issues of fact requiring a full evidentiary hearing at which the applicant should have been present to participate. Paragraph 10 of appellant's motion provides:

> "State concisely all the grounds on which you base your allegation that you are being held in custody unlawfully:"

and in 10(a) appellant alleges:

> "Arrest without a warrant and arrest on the say-so of an accomplice's statement that was uncorroborated."

From this we must conclude that appellant intends the inference that his arrest was illegal. If this allegation can be deemed a basis affording relief to appellant under the Act, it must fall within the provisions of I.C. § 19–4901(6), which provides:

> "That the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy:"

Appellant has failed in his brief or oral argument to point out wherein the allegation of illegal arrest affords him any relief under the Act. To the contrary, however, Idaho has consistently held that unlawful arrest cannot be successfully raised by habeas corpus, because once the court obtained jurisdiction, it is immaterial how it was obtained. Burge v. State, 90 Idaho 473, 413 P.2d 451; In re Moyer, 12 Idaho 250, 85 P. 897, 12 L.R.A.,N.S., 227, aff'd 203 U.S. 221, 27 S.Ct. 121, 51 L.Ed. 160.

Under paragraph 10 (b) appellant asserts:

> "Held in jail without being aloued [sic] a phone call for 17 days."

Assuming such statement to be true, as we must, the record affirmatively shows competent counsel was appointed to represent appellant six days after his arrest. Appellant fails to disclose in his brief wherein his constitutional rights were in any manner infringed by the alleged refusal to permit him to use a telephone for 17 days, or in what manner he was prejudiced thereby. Without such showing, we fail to see how appellant brings himself within the provisions of I.C. § 19–4901 entitling him to any remedy provided under the Act. See State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967).

In paragraph 10(c), appellant alleges:

> "Having me sign a statement that I did not make by threatening to bring my wife into it and causing me to loose [sic] my son. Sentencing me on my past record and on child suport [sic] and not on the crime that I was found guilty on."

By the first sentence of this allegation, it appears appellant is raising the question of a statement having been taken from him by use of coercion. Unfortunately, the record does not disclose the contents of the statement nor to whom the statement was given; but assuming the statement had been given to police officers or other state authorities and that it did contain admissions or other incriminatory matter, it would still not entitle appellant to post-conviction relief; because his conviction and sentence were based upon a plea of guilty and the assumed incriminating evidence contained in appellant's statement was not used in obtaining his conviction. Other jurisdictions, and particularly New Mexico and

Kansas, have so held in recent decisions. State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967); Peterson v. State, 198 Kan. 26, 422 P.2d 567 (1967); State v. Knight, 78 N.M. 482, 432 P.2d 838 (1967); State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967); Kiser v. State, 196 Kan. 736, 413 P.2d 1002 (1966).

█ The second sentence of paragraph 10(c) alleges erroneous sentencing on the grounds it was based on his past record—probably obtained from a pre-sentence in-investigation—and on a failure to comply with child support allowances. This too is unavailing for appellant, because the sentence imposed upon appellant by the trial court was within the limits prescribed by the Idaho statute, and without a stronger showing than that made by appellant herein, such sentence will not be considered an abuse of discretion by the trial court. King v. State, 91 Idaho 97, 416 P.2d 44 (1966).

█ In paragraph 10(d) appellant alleges:

"Knowing this arrest the judge should never have excepted [sic] a pleay [sic] of guilty."

Just what is intended by appellant in this allegation is uncertain and speculative, but in any event whatever ground may have been intended by such allegation to bring him within I.C. § 19–4901, such ground was not urged by appellant, either in his brief or in the oral argument presented to the court, and no citations were given to support any such contention. Thus, this allegation will not be discussed in this opinion. Harmon v. Noland, 90 Idaho 494, 413 P.2d 897 (1966).

█ The most important issues raised by appellant in his motion are as stated in his brief, i.e., "Primarily and essentially, he alleges that his guilty plea was not voluntarily made and that he was not adequately and properly represented by counsel." These grounds as basis for relief under the Act are set forth in appellant's application in answer to paragraph 21 which states:

"If your motion is based upon the failure of counsel to adequately represent you, state concisely and in detail what counsel failed to do in representing your in-interests:"

to which appellant made the following allegations:

a. "He stated that I had no worry that I would not receive any prison sentence."

and

b. "Not advising my rights and telling me that the law was strictly within the rights."

Thus appellant contends that his plea of guilty was induced by a promise of leniency extended him by his court-appointed counsel. In answering paragraph 11 in his application, appellant asserts:

"They [the facts] were known to the lawyer and he said that it didn't make any difference that I would get jail time or probation not to worry."

This is the leniency appellant contends was assured him by his counsel and which he claims induced him to enter a plea of guilty. In a case decided March 12, 1968, this court held:

"In the case at bar, the coercion allegedly resulted because of appointed counsel's advice to appellant. A mere prediction by counsel of the court's likely attitude on a sentence, short of some implication of an agreement or understanding, however, is not ground for attacking a guilty plea [citations]. Similarly, "it has nowhere been held that if counsel advises his client in good faith that a plea of guilty will result in a recommendation of a lighter sentence in one of several indictments, this strips a plea of its voluntary nature.' Floyd v. United States, 260 F.2d 910 at p. 912 [5th Cir.1958], supra." Davidson v. State, 92 Idaho 104, 437 P.2d 620 (1968)

In this same case the court held:

"We are constrained to the view that although appellant may have believed, after conferring with his attorney, that

he would receive a lighter sentence by pleading guilty, such can be of no avail to him [citations]."

It will be noted appellant does not contend that his plea of guilty was entered upon a commitment from any responsible state official that appellant would receive a lighter sentence or penalty by entering the plea of guilty. The alleged assurance of leniency was made solely and only by appellant's appointed counsel. This does not constitute grounds for post-conviction relief. Davidson v. State, supra; People v. Morton, 100 Cal.App.2d 269, 223 P.2d 259 (1950); People v. Rodriguez, 143 Cal. App.2d 506, 299 P.2d 1057 (1956); In re Rose, 62 Cal.2d 384, 42 Cal.Rptr. 236, 398 P.2d 428 (1965); Ex parte Hough, 24 Cal. 2d 522, 150 P.2d 448 (1944); Application of Atchley, 48 Cal.2d 408, 310 P.2d 15 (1957); People v. Hines, 66 Cal.2d 348, 57 Cal.Rptr. 757, 425 P.2d 557 (1967); Floyd v. United States, supra.

■ Appellant's final contention is that he was not adequately and properly represented by counsel. Again appellant has failed to make an adequate showing to entitle him to relief under the Act, for in Burge v. State, 90 Idaho 473, 413 P.2d 451 (1966), this court held in part:

"* * * The lower tribunal which originally heard and denied petitioner's writ of habeas corpus pointed out that petitioner was represented by an attorney in a proceeding before the trial court wherein the plea of guilty was entered and held it must be presumed that the attorney advised petitioner of his constitutional rights and did not permit petitioner to waive any objections which could validly have been made at the time of his arrest, plea of guilty, and sentencing. The trial court made no error in so holding. * * *

"It must be presumed, unless there is an affirmative showing to the contrary in addition to the uncorroborated allegations of the petitioner, that counsel has consulted with his client and has in good faith advised him of his rights. [citations]"

This language in the *Burge* case was specifically quoted and followed in Davidson v. State, supra.

For the reasons enumerated herein, the order of the trial court dismissing appellant's application for relief under the Act without granting a full evidentiary hearing and requiring appellant to be present is affirmed.

SMITH, C. J., and TAYLOR and Mc-FADDEN, JJ., concur.

McQUADE, Justice (dissenting).

This is a petition for post-conviction relief under the Uniform Post-Conviction Relief Act as enacted in Idaho by Sess. Laws 1967, ch. 25, and found in chapter 49, title 19, Idaho Code.

The petitioner alleges that one ground of his unlawful detention is "arrest without a warrant [on] the uncorroborated say-so of an accomplice." The majority dismisses this allegation as a basis for post-conviction relief by stating that "Idaho has consistently held that unlawful arrest cannot be successfully raised by habeas corpus, because once the court obtained jurisdiction, it is immaterial how it was obtained."

It should be noted that this statement is valid only in the context of the present and similar cases. Some Idaho and federal cases indicate that illegal arrest and other non-jurisdictional defects are not sufficient as a basis for relief after the petitioner has pleaded or been found guilty.[1] A valid

---

1. In re Bates, 63 Idaho 748, 125 P.2d 1017 (1942); Ford v. United States, 273 U.S. 593, 606, 47 S.Ct. 531, 71 L.Ed. 793 (1927); Cox v. United States, 351 F.2d 280 (8th Cir. 1965); Moreland v. United States, 347 F.2d 376 (10th Cir. 1965); Jones v. United States, 103 U.S.App.D.C.

326, 258 F.2d 420 (1958) cert. den. 357 U.S. 932, 78 S.Ct. 1377, 2 L.Ed.2d 1374; United States v. Williams, 212 F.2d 786 (7th Cir. 1954); Newman v. United States, 84 U.S.App.D.C. 419, 184 F.2d 275 (1950), cert. den. 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665.

guilty plea constitutes a waiver of all non-jurisdictional defects.[2] However, the authorities are also clear that unlawful arrest is grounds for habeas corpus in other situations in which detention is subject to judicial scrutiny.[3] "It is settled that the writ of habeas corpus may be resorted to by a person committed on a criminal charge without reasonable or probable cause * * *."[4]

It is true that habeas corpus is not a substitute for appeal, as many cases have stated.[5] But for the protection of constitutional rights in a post-conviction setting or otherwise, habeas corpus must be liberally construed to effect its purpose.[6]

"The writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny. Where it is available, it assures * * * that a prisoner may require his jailer to justify the detention under the law. In England where it originated and in the United States, this high purpose has made the writ both the symbol and the guardian of individual liberty. 3 Blackstone, Commentaries 131–138; see Ex parte Bollman, [8 U.S. 75] 4 Cranch 75, 2 L.Ed. 554 (1807); Ex parte Lange, [85 U.S. 163] 18 Wall. 163, 21 L.Ed. 872 (1874); Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543 (1923); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)."[7]

It is with these purposes in mind that the remaining allegations of petitioner's application should be examined.

The most important allegation of Walker's petition is that his guilty plea was not voluntarily made and that his representation by counsel was inadequate. Walker was furnished with court-appointed counsel, with whom he had time to consult from August 21, 1967, to September 6, 1967, and who was present when Walker pleaded guilty to second degree burglary on September 6, 1967. In his petition, Walker states that "[material facts requiring vacation of the conviction] were known to the lawyer and he said that it didn't make any difference that we would get jail time or probation not to worry [sic]." The petition sets forth that "[the attorney] stated that I had no worry that I would not receive any prison sentence." The petition further sets out that "[counsel did not advise] my rights and telling me that the law was strictly within the rights." He states, "Knowing this * * * the judge should never have excepted [sic] a pleay of guilty." As to this asserted deception by court-appointed counsel, the

2. Davis v. United States, 347 F.2d 374 (9th Cir. 1965); 21 Am.Jur.2d Criminal Law § 495 (1965); Brisson v. Warden of Connecticut State Prison, 25 Conn.Sup. 202, 200 A.2d 250 (1964); Hilliard v. State, 87 Ga.App. 769, 75 S.E.2d 173 (1953).

3. I.C. §§ 19–4201 and 19–4215; Higheagle v. State, 91 Idaho 921, 435 P.2d 261 (1967); Carey v. State, 91 Idaho 706, 429 P.2d 836 (1967); Abercrombie v. State, 91 Idaho 586, 428 P.2d 505 (1967); Goff v. State, 91 Idaho 36, 415 P.2d 679 (1966); Johnson v. State, 85 Idaho 123, 376 P.2d 704 (1962). Cf. In re Application of Carpenter, 88 Idaho 567, 401 P.2d 800 (1965).

4. 39 Am.Jur.2d Habeas Corpus § 38 (1968).

5. King v. State, 91 Idaho 97, 416 P.2d 44 (1966); Wilson v. State, 90 Idaho 498, 414 P.2d 465 (1966); Application of Carpenter, note 3, supra; Freeman v. State, 87 Idaho 170, 392 P.2d 542 (1964); Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475 (1957).

6. Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962 (1968) at p. 963, 19 L.Ed.2d 1215: "Whatever its other functions, the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention * * *. If, as [the petitioner] contents, [his] conviction was obtained in violation of the Constitution, then his confinement is unlawful."

7. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

majority relies upon Davidson v. State [8] to hold that predictions of leniency by court-appointed counsel which fall short of some implication of an agreement or understanding with a state official are not grounds for collaterally attacking a guilty plea.

In connection with this, petitioner also alleges that a ground for post-conviction relief was "having me sign a statement that I did not make by threatening to bring my wife into it and causing me to loose [sic] my son." The majority dismisses this latter contention by saying that, however incriminating and coerced this statement might have been, it is no ground for post-conviction relief because it was merged into, and waived by, the guilty plea.

It is respectfully submitted that these two conclusions are erroneous. To deal with the latter conclusion first, it involves a circularity of reasoning, for it ignores the possibility that if the police had not had a coerced statement, petitioner may not have chosen to plead guilty. The majority would counter that since petitioner had counsel when he pleaded guilty, it must be presumed that counsel took account of the possibility that the coerced statement could be suppressed at trial. Although counsel is presumed competent, however, there are limits to the validity of this presumption,[9] and petitioner's other allegation in this case was sufficient to require an evidentiary hearing on the matter.

Before turning to the allegation that the petitioner's guilty plea was not voluntarily made it should be noted that the states are probably required by the United States Constitution to maintain some form of post-conviction procedure for the safeguarding of constitutional rights.[10] Idaho has fulfilled this obligation by adopting the Uniform Post-Conviction Procedure Act.

I.C. § 19–4901 (§ 1 of the Uniform Post-Conviction Procedure Act) provides:

"(a) Any person who has been convicted of, or sentenced for, a crime and who claims: (1) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this state;

\*   \*   \*   \*   \*   \*

"(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy: may institute, without paying a filing fee, a proceeding under this act to secure relief."

To this end, provision is made for application by prisoners for post-conviction relief pursuant to which appellant Walker made his motion.[11] On the motion of the prosecuting attorney, the trial court dismissed Walker's application because it did "not set forth any grounds upon which the petitioner can be granted relief."

I.C. § 19–4906(a) provides in part that "in considering the application the court shall take account of substance regardless of defects in form." I.C. § 19–4906(b) provides in part:

"When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may \* \* \* dismiss the application \* \* \* [but] *disposition on the pleadings and record is not proper if there exists a material issue of fact.*" (Emphasis added).

Further, I.C. § 19–4906(c) provides that the court may grant a motion for summary disposition of the application when there is "no genuine issue of a material fact

---

8. 437 P.2d 620 (Idaho 1968).

9. See Orfield, Criminal Procedure Under The Federal Rules § 11.69.   .

10. Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965).

11. I.C. §§ 19–4902 to 19–4905.

and the moving party is entitled to judgment as a matter of law." Finally, I.C. § 19–4907(b) provides:

"(b) The applicant should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to evidence in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the applicant to be present."

In the interpretation and application of this act, certain considerations should be kept in view. The extension of federal habeas corpus by the United States Supreme Court has been based upon the idea that the interest in finality in criminal proceedings is to be valued less highly than the interest in assuring that persons are not deprived of constitutional rights.[12]

This extension of federal habeas corpus has been criticized as interfering with the criminal law administration of the states. It was in part precisely because of this criticism that the Commissioners on Uniform State laws promulgated the Uniform Post-Conviction Procedure Act.[13] The comment to § 1 of the Uniform Post-Conviction Procedure Act states:

"The aim of this section is to bring together and consolidate into one simple statute all the remedies * * * which are at present available for challenging the validity of a sentence of imprisonment. * * * This has been affected

by providing a single remedy *which does not restrict a prisoner's rights of collateral attack* [and which is] *fully as broad as habeas corpus.*" (Emphasis added).[14]

The state courts thus must maintain in their post-conviction procedures standards for the protection of constitutional rights "at least as broad as the requirements which will be enforced by the federal courts in habeas corpus through the due process clause of the 14th Amendment."[15] In the disposition of cases coming to this Court under the Idaho enactment of the Uniform Post-Conviction Procedure Act, I.C. §§ 19–4901 to 19–4911, this Court must keep a careful eye upon federal constitutional authorities in order to avoid defeating this purpose. This is especially true in that the Uniform Post-Conviction Procedure Act was somewhat modeled after the federal habeas corpus statute.[16]

In the instant case, appellant Walker assigns as error the summary dismissal of his application for post-conviction relief without ordering his production and presence at a full evidentiary hearing. The production of the applicant at the hearing is required " * * * where there are substantial issues of fact in which he participated."[17] The district court did not reach this stage because it found from Walker's application that there was presented "no genuine issue of material fact." However, the materiality of factual issues depends upon their relation to applicable law.

12. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 310–318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); cf. Bator, Finality In Criminal Law And Federal Habeas Corpus For State Prisoners, 76 Harv.L.Rev. 441 (1963) and Note, State Post-Conviction Remedies and Federal Habeas Corpus, 40 N.Y.U.L.Rev. 154 (1965).

13. 1955 Handbook of the National Conference of Commissioners on Uniform State

Laws 202: "[M]any of the abuses which had arisen in connection with federal habeas corpus and other post-conviction remedies might be eliminated through constructive action at the state level."

14. Id. at 210.

15. Id. at 208.

16. 28 U.S.C.A. § 2255, 62 Stat. 967 (1948).

17. I.C. § 19–4907(b); cf. United States v. Hayman, 342 U.S. 205, 220, 72 S.Ct. 263, 96 L.Ed. 232 (1952); the term "hearing" connotes the right to be heard on controverted issues of fact relating to the applicant's own knowledge.

Turning then to petitioner's third allegation that his guilty plea should not have been accepted, it must be carefully born in mind that

"[o]ut of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily *after proper advice and with full understanding of the consequences.* * * * [T]he court will vacate a plea of guilty shown to *have been unfairly obtained or given through ignorance, fear or inadvertence.*"[18] (Emphasis added).

This is the standard applied in the federal courts. Thus, the authorities are clear that if a guilty plea is induced by some form of deception or threat by officers of the government or state, the plea may be collaterally attacked on habeas corpus.[19] Although less discussed by the cases, it is required not only that the guilty plea be voluntary, but also that it be fully understood by the accused.[20] These are two independent requirements, since it is fully possible for a guilty plea to be understood and yet coerced or voluntary and yet not fully understood.

The majority holds promises by court-appointed counsel to be irrelevant because it fails to find any nexus between such counsel and the state. However, this reasoning places undue emphasis upon the formal position of the state. The guilty plea is a conclusive pleading. It forms the entire basis for conviction. Because this plea proceeds from the mouth of the accused, there has always been an emphasis upon the understanding or ignorance of the accused respecting the true nature and full consequences of his guilty plea as well as upon whether or not the plea was voluntary. In this respect, the distinction between promises made by the prosecuting attorney and those made by court-appointed counsel is one without significance.

It is wide of the mark to inquire only whether the guilty plea was "coerced" by counsel's promises as Davidson v. State does.[21] What is required is that the plea not be a product of "ignorance, fear or inadvertence."[22] Thus, a conviction's susceptibility to collateral attack also turns upon the question whether the guilty plea proceeded from an understanding of its nature and consequences.

Secondly, it is more realistic to hold that court-appointed counsel does supply some nexus with state authority. The accused may be without knowledge or under duress. Court-appointed counsel knows the law and the local judges. He is to the accused an officer of the court in more than the ordinary sense in which all attorneys are deemed officers of the court. Court-appointed counsel, though he represents the accused, also fulfills the constitutional obligation of the state to insure that accused persons are fairly treated in a truly adversary proceeding.[23]

Our law provides that "[a] plea of guilty can be put in by the defendant himself only in open court. * * *"[24] The

18. Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 71 L.Ed 1009 (1927).

19. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958), rev'g per curiam 246 F.2d 571 (5th Cir. 1957); Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941); Walker v. Johnston,

312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941); Kercheval v. United States, note 18, supra.

20. Halliday v. United States, 380 F.2d 270 (1st Cir. 1967); Orfield, Criminal Procedure Under The Federal Rules, §§ 11.-29–11.30.

21. Note 8, supra, 437 P.2d at pp. 621, 622.

22. Kercheval v. United States, note 18, supra.

23. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

24. I.C. § 19–1714.

purpose of this provision is stated to be to prevent entry of guilty pleas except when the defendant understands fully the significance of such plea and, with such understanding, knows the consequences.[25] Appellant's petition alleges sufficient facts upon which to require an evidentiary hearing as to whether he really understood the consequences of his plea of guilty. On the record before us we have no way of knowing what appellant's counsel said to appellant. Nor do we know whether the court inquired of appellant whether he understood the consequences of a guilty plea. These were genuine issues of material fact which appellant Walker alleged. Therefore the applicant for post-conviction relief should have been produced pursuant to I.C. § 19–4907(b), and the motion for summary disposition of the application should have been denied pursuant to I.C. § 19–4906(b) and (c). Although it may be unlikely that appellant was in fact denied any constitutional rights in this case, the wiser course to follow would be to give full effect to the Post-Conviction Procedure Act and thus, insure that constitutional rights are not left unprotected by unduly summary procedure. I would therefore adopt the reasoning of the United States Supreme Court as set forth in the Machibroda decision.[26]

"We think the District Court did not proceed in conformity with the provisions of 28 U.S.C. § 2255, when it made findings on controverted issues of fact without notice to the petitioner and without a hearing. United States v. Hayman, 342 U.S. 205, 220, 72 S.Ct. 263, 96 L.Ed. 232. The statute requires a District Court to 'grant a prompt hearing' when such a motion is filed, and to 'determine the issues and make findings of fact and conclusions of law with respect thereto' unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'

This was not a case where the issues raised by the motion, were conclusively determined either by the motion itself or by the 'files and records' in the trial court. The factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection."

25. State v. Poynter, 34 Idaho 504, 508, 205 P. 561, 562, 208 P. 871 (1921); see also Goff v. State, note 3, supra; State v. Lawrence, 70 Idaho 422, 220 P.2d 380 (1950); State v. Raponi, 32 Idaho 368, 373, 182 P. 855, 856 (1919).

26. Note 19, supra, 368 U.S. at pp. 494–495, 82 S.Ct. at pp. 513–514.