860 P.2d 22

**Michael Paul PIERCE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19341.**

Court of Appeals of Idaho.

Aug. 25, 1993.

Petition for Review Denied Oct. 22, 1993.

Alan E. Trimming, Ada County Public Defender and Deborah A. Whipple, Deputy Atty. Gen., Boise, for petitioner-appellant.

Larry EchoHawk, Atty. Gen. and Thomas P. Watkins, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

This is an appeal from an order dismissing an application for post-conviction relief. We affirm.

Michael Pierce pled guilty to rape and was sentenced to a unified term of twenty-five years, with ten years' minimum confinement. He took no direct appeal from the judgment and sentence, but subsequently filed a timely application for post-conviction relief. The state moved for summary dismissal of the petition, which the district court granted. Pierce then brought this appeal.

Although Pierce raised several grounds for relief in his petition, on appeal he challenges the dismissal with regard to only two of those claims. The first is an allegation that the police extracted a confession from him. The second is that he was "coerced" into pleading guilty by his counsel's assurances regarding the sentence he would receive. The district court ruled that these allegations were insufficient to serve as a basis for granting Pierce relief from his conviction.

## CONFESSION

As to the voluntariness of Pierce's confession, the district court held that because Pierce had pled guilty to the charge, the question of the voluntariness of his confession—which was never offered as evidence against him to establish his guilt—essentially was an immaterial inquiry. In this regard, the court relied on *State v. Walker*, 92 Idaho 517, 446 P.2d 886 (1968). In that case, our Supreme Court addressed a similar claim, also raised in a post-conviction proceeding. The Court said:

By the first sentence of this allegation [in the petition], it appears appellant is raising the question of a statement having been taken from him by use of coercion. Unfortunately, the record does not disclose the contents of the statement nor to whom the statement was given;

but assuming the statement had been given to police officers or other state authorities and that it did contain admissions or other incriminatory matter, it would still not entitle appellant to post-conviction relief; because his conviction and sentence were based upon a plea of guilty and the assumed incriminating evidence contained in appellant's statement was not used in obtaining his conviction.

92 Idaho at 519, 446 P.2d at 888. On appeal, Pierce attacks the district court's application of the principle stated in *Walker* by urging that *Walker* should be overruled. We decline that invitation and, instead, hold that the district court properly followed controlling precedent.

## PLEA

 With respect to Pierce's claim that his plea of guilty was "coerced" because of a representation by his attorney about the sentence Pierce would receive, the district court explained:

> Finally, Pierce claims that he was "coerced" into entering his guilty plea. Once again, this claim is supported only by Pierce's allegation. The alleged coercion was the assurance of Pierce's counsel that a guilty plea could result in no more than a ten year sentence. Such an alleged assurance of leniency made solely by the defendant's own counsel does not constitute grounds for post-conviction relief.

In support of this holding, the court again cited to *Walker*. In *Walker*, the petition alleged that Walker's attorney had told him he would receive a lesser sentence than ultimately was imposed. Walker's appeal centered on his claim that he was entitled to an evidentiary hearing on this issue. The Supreme Court rejected that contention, holding that the misrepresentation by counsel as to the sentence which Walker would receive did not "constitute grounds for post-conviction relief." 92 Idaho at 521, 446 P.2d at 890.

Again, on this appeal, Pierce counters the district court's holding by requesting that *Walker* be overruled. We will not do

so. We uphold the district court's dismissal of the alleged claim.

In summary, the order of the district court dismissing the application for post-conviction relief is affirmed.