883 P.2d 1088

**Gary GARZEE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20867.

Court of Appeals of Idaho.

Nov. 3, 1994.

Manweiler, Bevis & Cameron, P.A., Boise, for appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Gary Garzee appeals from the district court's order denying his application for post-conviction relief. Garzee claims that his guilty plea was the result of his impaired mental condition, the ineffective assistance of his counsel, and a breach of the plea agreement by the state. For the reasons detailed below, we affirm the denial of Garzee's post-conviction application.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 1985, Garzee pled guilty to aggravated battery and possession of a dangerous weapon by an inmate. I.C. §§ 18–903(a), –907(b), and –2511. Upon entry of the judgment of conviction, Garzee was sentenced to two concurrent, fixed five-year terms. These sentences were to be served consecutively to the sentences that he was serving at the time he committed the above-mentioned offenses. Garzee did not appeal from his judgment of conviction or from the sentences imposed.

Garzee filed a pro se application for post-conviction relief in June 1988, and an amended pro se application in October 1989, before requesting that counsel be appointed to assist him in the post-conviction proceedings. Counsel filed an amended application in May 1991, seeking relief on the following grounds: (1) that Garzee's plea of guilty was invalid because it was made while he was under the influence of medications which impaired his mental abilities; (2) that Garzee received ineffective assistance of counsel at the entry of his guilty plea; and (3) that the state breached the plea agreement entered into with Garzee.

An evidentiary hearing was held in this matter. The district court heard testimony from Garzee, Garzee's counsel at the time of entry of the plea, and Dr. Michael Estess, a psychiatrist who treated Garzee repeatedly during his incarceration. The district court also considered an affidavit from Garzee's co-defendant and the deposition of Steven Thur-

ber, PhD., a psychologist who had conducted tests on Garzee prior to the entry of his guilty plea. Following a second hearing at which counsel presented final argument on the application, the district court found that Garzee had not shown by a preponderance of the evidence that he was incompetent when he entered his plea, either as a result of a mental illness or the effects of mind-altering medications. The district court determined that Garzee's guilty plea was not the product of ineffectiveness on the part of his counsel. Finally, the district court found that the state had not breached its plea agreement with Garzee. The district court denied relief and dismissed Garzee's post-conviction application. Garzee appeals.

## STANDARD OF REVIEW

▇ In a post-conviction relief hearing, the applicant has the burden of proving the allegations which entitle him to relief by a preponderance of the evidence. *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969); *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). Where there is competent and substantial evidence to support a decision made after an evidentiary hearing, the district court's decision will not be disturbed on appeal. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). Findings of fact by the court will not be set aside on appeal unless they are clearly erroneous. *Id.* at 313, 658 P.2d at 984; I.R.C.P. 52(a).

## DISCUSSION

### I.

On appeal, Garzee contends that the district court erred in finding that he was competent to enter a guilty plea and that his cognitive ability was not impaired by medications for his alleged condition. At the evidentiary hearing, Garzee testified that he was not of sound mind at the entry of his plea and offered the diagnosis of Dr. Thurber that Garzee was suffering from a psychosis. Therefore, Garzee claimed his plea was not voluntarily or intelligently made.

The district court found that Garzee gave negative responses at the change of plea hearing when asked by the district court whether he was on any medications or suffering from a mental disorder or condition. In addition, there was expert testimony, at the evidentiary hearing on the post-conviction application, from Dr. Estess, who indicated that Garzee was taking no medications at the time of the entry of his plea. Moreover, Dr. Estess disagreed with Dr. Thurber's diagnosis of a psychosis and characterized Garzee's condition as related to personality and adjustment problems. Dr. Estess testified that Garzee had never been in an emotional state where he was not competent to represent himself or understand the proceedings. Moreover, Dr. Estess testified that even if Garzee had been on the medications prescribed to him prior to the guilty plea, they would not in any way have affected his ability to understand the events taking place.

▇ A trial court's decision that a party's burden of proof has not been met is entitled to great weight. *Sanders v. State*, 117 Idaho 939, 940, 792 P.2d 964, 965 (Ct. App.1990); *Larkin v. State*, 115 Idaho 72, 74, 764 P.2d 439, 441 (Ct.App.1988). Furthermore, the credibility of the witnesses and the weight to be given to the testimony are matters within the discretion of the trial court. *Rueth v. State*, 103 Idaho 74, 644 P.2d 1333 (1982); *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). *See also* I.R.C.P. 52(a). We conclude that the finding reached by the district court that Garzee was competent at the entry of his plea was supported by substantial and competent, though conflicting, evidence. We hold therefore that the district court's finding cannot be deemed clearly erroneous and, therefore, we affirm.

### II.

Garzee next asserts that the district court erred in finding that he received effective assistance of counsel. Garzee contends that counsel had advised him to keep silent and not disclose his mental condition to the district court at the entry of his plea. He contends that counsel pressured him into pleading guilty by false assurances that he and his co-defendant would receive identical five-year indeterminate sentences. He claims that he was further coerced to plead

guilty under threats that a persistent violator information might yet be pursued against him. Lastly, Garzee claims that this conduct and counsel's failure to object when the state breached the plea agreement constituted ineffective assistance.

█ In order to establish a violation of the constitutional guarantee to effective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Gibson v. State*, 110 Idaho 631, 634–35, 718 P.2d 283, 286–87 (1986). Evidence of an attorney's deficiency must be sufficient to overcome "a strong presumption that counsel's performance was within the wide range of reasonable professional assistance...." *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989).

█ Garzee testified at the evidentiary hearing on the post-conviction application that he and his trial counsel had discussed his mental condition and the medications that he was taking in that regard. Trial counsel, who also testified at the post-conviction hearing, denied that any discussions about Garzee's mental competency had taken place in relation to Garzee's decision to plead guilty. The district court considered the record from the change of the plea hearing and determined that Garzee's testimony in the post-conviction proceedings was not credible. The district court found that Garzee's argument was contradicted by his own testimony at the change of plea hearing and by Dr. Estess's testimony that Garzee was on no medications at the entry of his plea.

In addition to finding that Garzee's guilty plea was not involuntary due to mental incompetency, the district court also found that Garzee had never raised the issue of any mental illness or medications in discussions with his counsel. Accordingly, the district court dismissed as untrue Garzee's contention that counsel had told him not to tell the district court about his mental condition. These findings are supported by competent evidence and cannot be deemed clearly erroneous. We affirm the district court's denial of post-conviction relief on this issue.

Next, we review Garzee's allegations that he was coerced into pleading guilty due to misrepresentations by his counsel. Garzee contends that his guilty plea was based on counsel's assurances that Garzee and his co-defendant, Brent Barron, would both be receiving indeterminate five-year sentences. Barron's affidavit, which Garzee submitted to the district court in the post-conviction matter, recited this same understanding as to the sentences each was to receive. Garzee also contends that he was forced to plead guilty because of threats that he could be subjected to a sentence enhancement under the persistent violator allegation in the information filed against him. Therefore, Garzee attributes his guilty plea to the ineffective assistance of his counsel.

█ It has been held that claimed coercion of a guilty plea based on misrepresentations by counsel regarding the length of a defendant's probable sentence is not grounds for post-conviction relief. *Walker v. State*, 92 Idaho 517, 521, 446 P.2d 886, 890 (1968); *Pierce v. State*, 124 Idaho 406, 407, 860 P.2d 22, 23 (Ct.App.1993). Here, the district court found that Garzee was meticulously advised of all his rights and of the full scope and extent of the plea negotiations. The district court found that counsel had explained to Garzee that there were no agreements on sentencing and that the state was free to recommend any sentence. We conclude, as did the district court, that Garzee failed to show by a preponderance of the evidence that his counsel had misinformed him regarding the plea negotiations such that Garzee could reasonably believe that he was to receive the same sentence as his co-defendant.

█ In *State v. Storm*, 123 Idaho 228, 846 P.2d 230 (Ct.App.1993), this Court stated that there is a certain amount of coercion inherent in charging a defendant and bringing him before the court to declare his guilt or innocence. During plea bargaining, there is little chance of constitutionally excessive coercion, however, so long as the defendant is free to accept or reject the prosecutor's offers. *Id.* at 233, 846 P.2d at 235, *citing Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 667–68, 54 L.Ed.2d 604 (1978).

Storm's post-conviction application sought relief from a guilty plea which he claimed was rendered involuntary by the prosecutor's threat of filing additional legitimate habitual offender charges. Garzee, on the other hand, entered into plea negotiations fully aware that part of the information charged him with being a persistent violator which could result in a life sentence. The district court's finding that Garzee's counsel did not badger him into accepting the plea bargain offered by the state is supported by testimony presented at the evidentiary hearing and is not clearly erroneous. Accordingly, we affirm the denial of post-conviction relief on this claim.

### III.

Garzee also contends that he is entitled to post-conviction relief because the state breached the plea agreement. In his post-conviction application and at the evidentiary hearing, Garzee alleged that the state had agreed to remain silent and make no sentencing recommendation to the district court. He also alleged that his counsel's failure to object at the time of the state's breach of the plea agreement constituted ineffective assistance of counsel, for which relief should be granted by the district court.

▌ A breach of the plea agreement by the state affects the voluntariness of a guilty plea. *State v. Rutherford,* 107 Idaho 910, 915, 693 P.2d 1112, 1117 (Ct.App.1985). Upon review of the transcript of the change of plea hearing and defense counsel's testimony outlining the terms of the plea bargain, the district court decided the conflicting facts in favor of counsel's testimony and against Garzee. The district court found that the plea negotiations in Garzee's case involved no deals on sentencing and that neither Garzee's counsel nor the prosecutor ever advised Garzee that the state would remain silent at the time of sentencing. In finding that the state did not breach the plea agreement, the district court held that Garzee had not sustained his burden of proof and was not entitled to relief.

▌ It is the province of the trial judge to assess the credibility of witnesses

and draw inferences from evidence presented. *Sanders v. State,* 117 Idaho 939, 941, 792 P.2d 964, 966 (Ct.App.1990). The district court was not obligated to accept Garzee's testimony as true and, in fact, the district court expressed its belief that Garzee wanted to bend the facts and reality to suit his own particular motivation. We conclude that the district court's finding was without error. We affirm the district court's denial of relief based on Garzee's claimed breach of the plea agreement or his counsel's ineffectiveness.

### IV.

Garzee asserts as his final issue on appeal that the district court committed reversible error when it rejected the affidavit of his co-defendant, Brent Barron. The district court's order specifically stated that the district court had considered, but not given much weight to, Barron's affidavit. Therefore, Garzee's contention that the district court declined to consider Barron's affidavit is without merit.

### CONCLUSION

At the evidentiary hearing on his post-conviction application, Garzee did not prove by a preponderance of evidence that he suffered from a mental condition which impaired his ability to enter a valid plea. Garzee also failed to prove that his counsel's performance at the entry of the plea was deficient or that the state breached the plea agreement. We hold that the district court's findings were supported by substantial and competent evidence and, therefore, are not clearly erroneous. We conclude that Garzee's guilty plea was voluntary, knowing and intelligently made. We affirm the district court's order denying post-conviction relief.

WALTERS, C.J., and LANSING, J., concur.