712 P.2d 737

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Marcos PARDO, Jr.,**
**Defendant-Appellant.**

No. 15652.

Court of Appeals of Idaho.

Dec. 31, 1985.

Petition for Review Denied
Mar. 17, 1986.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Marcos Pardo, Jr., was convicted of two counts of aggravated battery by use of a deadly weapon. He was sentenced to the Board of Correction for an indeterminate period not to exceed fifteen years on each count, the sentences to run concurrently. Applying I.C. § 19–2520, the district judge enhanced Pardo's sentences by one separate five-year term made to run consecutive to the battery sentences. Pardo presents two issues on appeal: (1) did the district court err in refusing to dismiss part II of the information seeking the enhancement penalty, and (2) were the sentences excessive. We find the aggravated battery sentences reasonable but vacate the dangerous weapon enhancement.

I

This case stems from an incident in which Pardo stabbed two store clerks who followed Pardo's wife from a grocery store in an attempt to detain her for shoplifting. At the preliminary hearing Pardo was bound over to the district court to stand trial on two counts of aggravated battery. The day after the preliminary hearing the prosecutor filed an information charging Pardo with the two battery counts, and in Part II seeking to enhance the penalty for Pardo's use of a deadly weapon pursuant to I.C. § 19–2520.

Pardo moved to dismiss Part II of the information for failure to comply with I.C. § 19–2520 which states in part:

Any person convicted of a violation of sections ... 18–907 (aggravated battery defined), ... Idaho Code, who ... used ... a ... deadly weapon while committing the crime, shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years. Such additional sentence shall run consecutively to any other sentence imposed for the above cited crimes.

....

*The additional terms provided in this section shall not be imposed unless* the fact of ... using ... a ... deadly weapon while committing the crime is separately charged in the information or indictment and admitted by the accused or found to be true by the trier of fact at the trial of the substantive crime; *provided, however, that the prosecutor shall give notice to the defendant of intent to seek an enhanced penalty at or before the preliminary hearing* or before a waiver of the preliminary hearing, if any. [Emphasis added.]

It was undisputed that the prosecutor had not given notice to Pardo as required by I.C. § 19–2520. The information, filed the day after the preliminary hearing, was the first notice that the enhancement penalty would be sought. The district judge viewed the problem as one of remedy. He ruled that the remedy of dismissal would be appropriate only where the failure to follow the statute results in severe prejudice such as a substantial constitutional violation. He found that Pardo was not prejudiced by the prosecutor's failure to comply with I.C. § 19–2520 and denied the motion to dismiss. We agree that there was no prejudice, but believe that a failure to comply with the plain language of the statute precludes its use.

The present notice requirement in I.C. § 19–2520 was added in 1983. The preamble to the legislative act provides:

AN ACT RELATING TO SENTENCE ENHANCEMENT; AMENDING SECTION 19–2520, IDAHO CODE, TO STRIKE THE REQUIREMENT THAT A FIREARM BE CARRIED WHILE COMMITTING A CRIME AND TO PROVIDE CONDITIONS UNDER WHICH THE ADDITIONAL TERMS OF INCARCERATION WILL BE IMPOSED; ....

1983 Idaho Sess.Laws, ch. 183 at 496.

The "conditions" provided by the amendment are contained in a one-sentence paragraph beginning with the clause, "The additional terms in this section *shall not be imposed unless....*" (Emphasis added.) The sentence goes on to require (1) separate charging, admission or finding of fact to support the charge and (2) notice of intent to seek enhancement at or before the preliminary hearing. By its own language this statute cannot come into play unless both of these conditions are met. The procedure used by the prosecutor comported with the first condition but was insufficient to provide notice under the amended statute. To hold that the notice requirement is not a condition to the use of I.C. § 19–2520 would be to ignore the 1983 amendment. "When a statute is amended, it is presumed that the Legislature intended it to have a meaning different from that accorded to it before the amendment." *Lincoln County v. Fidelity and Deposit Company of Maryland*, 102 Idaho 489, 491, 632 P.2d 678, 680 (1981); *see also, Wellard v. Marcum*, 82 Idaho 232, 351 P.2d 482 (1960).

The state invites us to engage in statutory construction and contends that the 1983 amendment to I.C. § 19–2520 is a directory provision rather than a mandatory one. We are referred to *State, Dept. of Law Enforcement v. One 1955 Willys Jeep*, 100 Idaho 150, 595 P.2d 299 (1979), wherein the Idaho Supreme Court considered the forfeiture provisions of the Uniform Controlled Substance Act. I.C. §§ 37–2701 to –2751. The section there at issue, 37–2744(d)(3)(D), required that forfeiture proceedings under the Act be given calendar priority over other civil cases. This provision was characterized by the Court as "directory" and, absent substantial prejudice, the Supreme Court said the proceedings should not be dismissed, if in

fact, the proceeding was not given priority. The Court was concerned with the orderly administration of justice and the flexibility of the district court in setting dates for trial.

The Supreme Court also considered another provision of I.C. § 37–2744(d)(3)(D) requiring a hearing to be set on a day not "less" than thirty days, from the filing of the verified answer. Against a claim that the statute really meant not "more" than thirty days the Supreme Court stated:

> The most fundamental premise underlying judicial review of the legislature's enactments is that, unless the result is palpably absurd, the courts must assume that the legislature meant what it said. Where a statute is clear and unambiguous the expressed intent of the legislature must be given effect.

*State, Dept. of Law Enforcement v. One 1955 Willys Jeep,* 100 Idaho at 153, 595 P.2d at 302. We believe that the Supreme Court's treatment of the "time for hearing" provision is more applicable to Pardo's case than is the directory-mandatory distinction utilized in construing the priority provision. But, even if we were to accept the state's invitation to engage in statutory construction, we would, in this case, be guided by principles stated in *State v. Thompson,* 101 Idaho 430, 437, 614 P.2d 970, 977 (1980):

> It is well settled principal of law that criminal statutes must be strictly construed. W. LaFave and A. Scott Jr., Criminal Law (1972) § 11 pp. 83–84; *McBoyle v. United States,* 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816, 818 (1931). This principle extends not only to the elements of the substantive crime, but also to the sanctions potentially involved. *United States v. Evans,* 333 U.S. 483, 495, 68 S.Ct. 634, 640, 92 L.Ed. 823, 831 (1948). Idaho has explicitly followed the above principles of law.

■ Since use of I.C. § 19–2520 was foreclosed by the failure to comply with its notice provision, the question of prejudice should not have been addressed by the district court. The question was one of applicability in the first instance and not one of remedies for defects in the application. Arguments comparing the lack of notice to exceptions to the exclusionary rule are unpersuasive. The result we reach has no bearing on the establishment of guilt. Moreover, the district judge properly considered Pardo's use of a knife in fashioning the sentence. We do not purport to remove this information from sentencing consideration. We rule only that mandatory sentence enhancement is unavailable unless the provisions of I.C. § 19–2520 are followed.

## II

Pardo contends that the concurrent fifteen-year sentences are excessive. He argues that the district court failed to consider the sentencing objectives in view of the particular facts of the case. He suggests that the district judge exhibited undue support of "vigilantism" in applauding the store clerks' efforts to detain Pardo's wife. Their actions, he claims, taken after the police were summoned and the merchandise was retrieved, unreasonably created a potentially violent confrontation. Although Pardo admits to overreacting to the situation, he contends that the district judge went beyond the facts of the case in condemning his conduct.

The maximum penalty for aggravated battery is fifteen years, if the enhancement statute is not applicable. The district judge sentenced Pardo to an indeterminate fifteen-year sentence on each count, to run concurrently because they arose from a single incident. We will review only these sentences for excessiveness, disregarding the separate enhancement sentence. We express no opinion as to the reasonableness of the sentences if they were coupled with the additional five-year enhancement sentence.

■ A sentence that is within the statutory maximum will not be disturbed absent a clear abuse of discretion. Abuse of discretion can be shown if the sentence is unreasonable given the facts of the case.

*State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). To determine if an indeterminate sentence is unreasonable we consider one-third of the sentence as the measure of confinement, absent contrary indications in the record. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A term of confinement is reasonable to the extent it appears necessary to achieve the primary objective of protecting society and to accomplish the related goals of deterrence rehabilitation and retribution. *State v. Toohill, supra.* Thus, for the purpose of appellate review, but not as a prediction of parole, we view the period of confinement as five years. We believe that the sentencing judge was presented with sufficient factual support for the sentences he chose. The presentence report indicated that Pardo had a history of assaultive behavior. He had a prior conviction for second degree burglary. Five months after he was paroled, he committed the batteries involved in this case. The judge considered Pardo a continuing threat to society. Our independent review of the record does not disclose abuse of sentencing discretion. The facts of this case and the repetitive aggressive behavior exhibited by Pardo lead to the reasonable conclusion that a five-year period of confinement is not excessive.

Ordinarily where a sentence has been improperly enhanced we vacate the entire sentence and remand for resentencing with directions, if appropriate, for reconsideration of both components of the sentence. *See, e.g., State v. Money,* 109 Idaho 757, 710 P.2d 667 (Ct.App.1985) (petition for review filed Dec. 24, 1985, now pending).

■ Until we are shown that it is not correct, we will continue to treat the underlying sentence and the enhancement sentence as one continuous sentence with two distinct segments. *State v. Kaiser,* 106 Idaho 501, 681 P.2d 594 (Ct.App.1984), *vacated on other grounds,* 108 Idaho 17, 696 P.2d 868 (1985). The enhancement statute imposes an additional term instead of an additional sentence. *State v. Kaiser,* 108

Idaho 17, 696 P.2d 868 (1985); *accord State v. Aguilar,* 650 P.2d 32, 36 (N.M.App.1982).

■ In this instance, however, Pardo was charged with use of a deadly weapon in such a way that the jury could find a deadly weapon was used in committing either battery without specifying in which one of the batteries the knife was used. Thus, it followed that a separate *single* enhancement sentence was imposed to run consecutive to *both* battery sentences. Apparently this procedure was followed with the belief that the enhancement "sentence" should be an entirely separate, consecutive sentence. Because the single enhancement sentence was not imposed as a part of either battery sentence, in this instance we can vacate the enhancement sentence without a need to remand for resentencing on the two battery counts. Therefore, the fifteen-year concurrent sentences for aggravated battery are affirmed, and the five-year enhancement sentence imposed pursuant to I.C. § 19–2520 is vacated.

WALTERS, C.J., concurs.

BURNETT, J., concurs in the result as to Part I and concurs fully in Part II.