905 P.2d 642

**Juan SANCHEZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21675.

Court of Appeals of Idaho.

Oct. 11, 1995.

Petition for Review Denied Nov. 28, 1995.

710

Anthony C. Anegon, Lewiston, for appellant.

Alan G. Lance, Attorney General; L. Lamont Anderson, Deputy Attorney General, Boise, for respondent. L. Lamont Anderson argued.

WALTERS, Chief Judge.

Juan Sanchez appeals from a district court's order dismissing his application for post-conviction relief after an evidentiary hearing. For the reasons explained below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Sanchez was charged with attempted robbery, two counts of conspiracy to commit robbery, principal to the crime of attempted robbery, two counts of burglary in the first degree, two counts of conspiracy to commit the crime of burglary in the first degree, aggravated battery, battery with intent to commit a serious felony, and attempted murder in the first degree and an enhancement for possession of a firearm in the commission of a crime. These charges arose from a series of robberies and burglaries of gas station convenience stores committed by Sanchez and two cohorts. Pursuant to plea negotiations, Sanchez pled guilty to attempted robbery, I.C. §§ 18–6501 and 18–306, and to aggravated battery, I.C. §§ 18–903(a) and 18–907, and admitted to having used a firearm in the commission of the aggravated battery. The remaining charges were dismissed. The district court imposed concurrent sentences of fifteen years for each crime. Because Sanchez used a firearm in committing the aggravated battery, the court extended the aggravated battery sentence for an additional fifteen years, for a maximum of thirty years. For each crime, the district court specified that the minimum term of confinement would be the entire length of the sentence. On appeal, this Court affirmed the judgment of conviction and the sentences imposed. *State v. Sanchez*, 115 Idaho 394, 766 P.2d 1275 (Ct.App. 1988). Sanchez then filed an application for post-conviction relief. After an evidentiary hearing, the district court entered an order denying the application. Sanchez now appeals from this order.

## ISSUES

Sanchez raises two issues. First, he claims that he did not enter into the plea agreement voluntarily, knowingly and intelligently. Second, Sanchez alleges that he did not receive effective assistance of counsel at the time he entered his plea of guilty.

## STANDARD OF REVIEW

An application for post-conviction relief under I.C. § 19–4901 is a special proceeding, distinct from the criminal action which led to the conviction. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App. 1992). If the application raises material issues of fact, the district court must conduct an evidentiary hearing and make specific findings of fact on each such issue. I.C. § 19–4907(a). The burden is on the applicant to establish grounds for relief by a preponderance of the evidence. I.C.R. 57(c); *Odom v. State,* 121 Idaho 625, 826 P.2d 1337 (Ct.App.1992). On reviewing the district court's granting or denying of post-conviction relief following an evidentiary hearing as provided in I.C. § 19–4907, we consider the evidence in the light most favorable to the trial court's findings. *Storm v. State,* 112 Idaho 718, 720, 735 P.2d 1029, 1031 (1987); *Estes v. State,* 111 Idaho 430, 436, 725 P.2d 135, 141 (1986). Findings supported by competent and substantial evidence produced at the hearing will not be disturbed on appeal. *Holmes v. State,* 104 Idaho 312, 313, 658 P.2d 983, 984 (Ct.App.1983). However, we will freely review the legal conclusions drawn by the trial court from the facts found. *Young v. State,* 115 Idaho 52, 54, 764 P.2d 129, 131 (Ct.App.1988).

## ANALYSIS

### I

### Validity of the Guilty Plea

Sanchez argues that he did not enter the plea agreement voluntarily, knowingly and intelligently for two reasons. First, he claims that he was told by his attorney that he would receive a fifteen-year fixed sentence for the aggravated battery conviction if he signed the plea agreement. He asserts that he did not understand that the court could impose a thirty-year sentence, with no possibility for parole. Second, Sanchez asserts that he did not understand everything contained in the plea agreement because the agreement was written in English and he speaks and understands Spanish. He alleges that while reviewing the contents of the plea agreement with his attorney and an interpreter, the interpreter had difficulties translating some of the terms of the agreement.

To be valid, a guilty plea must be knowingly, intelligently and voluntarily made. *State v. Dopp,* 124 Idaho 481, 483–84, 861 P.2d 51, 53–54 (1993); *State v. Colyer,* 98 Idaho 32, 34, 557 P.2d 626, 628 (1976); *State v. Harris,* 127 Idaho 376, 900 P.2d 1387 (Ct.App.1995); *Svenson v. State,* 110 Idaho 161, 162, 715 P.2d 374, 375 (Ct.App.1986). A guilty plea entered in reliance upon a false premise may be set aside. *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984); *Svenson,* 110 Idaho at 162, 715 P.2d at 375.

We find no merit to Sanchez's claim that he did not enter his plea of guilty voluntarily, knowingly, and intelligently. A review of the record shows that the plea agreement which Sanchez signed specifically stated that the aggravated battery charge, when enhanced by the use of a firearm, is punishable by a total of up to thirty years of confinement. In addition, the court informed Sanchez of the possible thirty-year sentence at the plea hearing. The following colloquy took place:

> THE COURT: Do you understand, Mr. Sanchez, that if I accept your plea of guilty to Count IX—go ahead Mr. Ohrtman [the interpreter].
>
> [THE INTERPRETER TRANSLATING]
>
> THE COURT:—which charges you with aggravated battery—

[THE INTERPRETER TRANSLATING]

THE COURT:—you could be sentenced to serve—go—ahead—

[THE INTERPRETER TRANSLATING]

THE COURT:—as long as 30 years in the State Penitentiary?

[THE INTERPRETER TRANSLATING]

THE DEFENDANT: Si.

THE INTERPRETER: Yes.

THE COURT: Do you understand, Mr. Sanchez, that if I accept or agree to this Plea Agreement—

[THE INTERPRETER TRANSLATING]

THE COURT:—I will not sentence you to more than 30 years in the State Penitentiary?

[THE INTERPRETER TRANSLATING]

THE DEFENDANT: Si.

THE INTERPRETER: Yes.

THE COURT: Do you understand, however, that I may order that all of the sentence be served in strict confinement—

[THE INTERPRETER TRANSLATING]

THE DEFENDANT: Si.

THE COURT:—during which you will not be [eligible] for parole—

[THE INTERPRETER TRANSLATING]

THE DEFENDANT: Uh-huh.

THE INTERPRETER: Yes.

THE COURT:—and that you would not be eligible for reduction of sentence for good time served while in the penitentiary—

[THE INTERPRETER TRANSLATING]

THE COURT:—and that you would not be entitled to any credit against your sentence—

[THE INTERPRETER TRANSLATING]

THE COURT:—for good time while in the penitentiary?

[THE INTERPRETER TRANSLATING]

THE DEFENDANT: Uh-huh.

THE INTERPRETER: Yes.

THE COURT: Do you understand, therefore, Mr. Sanchez, that if I accept your pleas of guilty—

[THE INTERPRETER TRANSLATING]

THE COURT:—that you could serve 30 years in the State Penitentiary and not be paroled during that time.

[THE INTERPRETER TRANSLATING]

THE DEFENDANT: Si.

THE INTERPRETER: Yes.

■ This Court concludes that Sanchez was fully informed of the possibility that the trial court could impose a thirty-year fixed sentence for the aggravated battery conviction. We note further that a misrepresentation by counsel as to the sentence a convicted individual could receive from the trial court is not grounds for post-conviction relief. *Walker v. State*, 92 Idaho 517, 521, 446 P.2d 886, 890 (1968); *Pierce v. State*, 124 Idaho 406, 407, 860 P.2d 22, 23 (Ct.App.1993).

There is overwhelming evidence in the record showing that an interpreter was used for all court proceedings and for interactions between Sanchez and his attorney. The interpreter admitted at the post-conviction evidentiary hearing that he had difficulty translating some nonlegal terms, but after consulting his dictionary, found translations Sanchez appeared to understand.

We agree with the district court that Sanchez voluntarily entered into the plea agreement with a full understanding of its terms. We hold that substantial, competent evidence in the record disproves Sanchez's claim that he did not enter the plea agreement voluntarily, knowingly, and intelligently.

## II

### Ineffective Assistance of Counsel

■ A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State,* 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that his attorney's performance was deficient, and that he was prejudiced by the deficiency. *Hassett v. State,* 127 Idaho 313, 900 P.2d 221 (Ct.App.1995); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990); *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To establish a deficiency, the applicant has the burden of showing that his attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell,* 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for his attorney's deficient performance, the outcome of his trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177; *Russell,* 118 Idaho at 67, 794 P.2d at 656.

■ Furthermore, in a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the court properly may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Huck v. State,* 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct.App.1993). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the test. *Id.* at 158–59, 857 P.2d at 637–38. If the motion lacked merit and would have been denied, counsel ordinarily would not be deficient for failing to pursue it, and, concomitantly, the petitioner could not have been prejudiced by the want of his pursuit. *Id.*

Sanchez claims that the district court erred in not finding his attorney's performance deficient because the attorney failed to file a motion to dismiss some of the original charges based on multiplicity. He argues that if the motion had been filed, some of the charges may have been dismissed which would have put him in a better position at the beginning of the plea negotiations, and he could have received a better plea bargain arrangement. Furthermore, Sanchez asserts that his claim of ineffective assistance of counsel is also supported by the fact that such a motion should have been filed as a matter of "advantageous trial strategy."

The state argues that Sanchez has failed to demonstrate that his attorney's performance fell below an objective standard of reasonableness. The state asserts that if Sanchez's attorney had not negotiated the plea agreement to attempted robbery and aggravated battery, with the sentencing enhancement, Sanchez could have been convicted and sentenced for the charges of conspiracy to commit robbery, which could have resulted in life sentences. The state further asserts that since his attorney's performance was not deficient, Sanchez was not prejudiced.

The United States Court of Appeals for the Fifth Circuit, in *United States v. Nguyen,* 28 F.3d 477 (5th Cir.1994), summarized multiplicity as follows:

> Multiplicity is charging a single offense in more than one count in an indictment. The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense. The test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not. Moreover, whether a continuous transaction results in the commission of but a single offense or separate offenses ... is determined by whether separate and distinct prohibited

acts, made punishable by law, have been committed. An offense is separate and distinct when conviction under one count requires proof of an additional fact that the other count does not require.

*Id.* at 482 (emphases and citations omitted). The issue of multiplicity may arise in an information as well as an indictment. I.C. § 19–1432.[1]

■■■ The information charged Sanchez with the following crimes:

Count I Attempted Robbery, I.C. §§ 18–6501 and 18–306;

Count II Conspiracy to Commit the Crime of Robbery, I.C. §§ 18–6501, 18–306 and 18–1701;

Count III Principal to the Crime of Attempted Robbery, I.C. §§ 18–6501, 18–306 and 18–204;

Count IV Conspiracy to Commit the Crime of Robbery, I.C. §§ 18–6501 and 18–1701;

Count V Burglary in the First Degree, I.C. §§ 18–1401, 18–1402 and 18–1404;

Count VI Conspiracy to Commit the Crime of Burglary in the First Degree, I.C. §§ 18–1401, 18–1402, 18–1404 and 18–1701;

Count VII Burglary in the First Degree, I.C. §§ 18–1401, 18–1402 and 18–1404;

Count VIII Conspiracy to Commit the Crime of Burglary in the First Degree, I.C. §§ 18–1401, 18–1402, 18–1404 and 18–1701;

Count IX Aggravated Battery, I.C. §§ 18–903(a) and 18–907;

Count X Battery with the Intent to Commit a Serious Felony, I.C. §§ 18–903 and 18–909; and

Count XI Attempted Murder in the First Degree, I.C. §§ 18–4001, 18–4002, 18–4003 and 18–306.

The information was amended to include a sentencing enhancement for use of a firearm during the commission of a crime. Counts I, II, V and VI are charges relating to the robbery and burglary of an Exxon Express Mart, and Counts III, IV, VII and VIII relate to the robbery and burglary of a Dyna–Mart Shell Service Station, both of which are located in Lewiston. Even if multiplicitous charges existed and Sanchez's attorney failed to file a motion to dismiss, Sanchez was protected from multiple punishment pursuant to I.C. § 18–301.[2] The dismissal of charges through the plea bargain process in this case, however, essentially accomplished the same result as would have a motion to dismiss multiplicitous charges. Furthermore, Sanchez provided no evidence to support his claim that he would have been in a more "advantageous" position to begin plea bargaining if the motion had been filed, or that he may have engaged in a different plea bargain. Likewise, we find nothing in the record showing that the prosecutor would have entered into a different plea agreement if the motion to dismiss had been filed and some of the charges had been dismissed.

We hold that Sanchez has not shown that even if the motion to dismiss was filed and the multiplicitous charges were dismissed, that a better plea agreement would have been negotiated. We conclude that his attorney's performance was not deficient and Sanchez experienced no prejudice. We therefore agree with the district court that there is no merit to this claim of ineffective assistance of counsel.

■■■ Finally, with regard to Sanchez's argument that the motion to dismiss should

---

1. Idaho Code § 19–1432 provides that:

Two (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.

2. Idaho Code § 18–301 states:

**Acts punishable in different ways—Double jeopardy.**—An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

We note that although I.C. § 18–301 is applicable to this case, the statute was repealed by S.L.1995, ch. 16, § 1, effective February 13, 1995.

have been filed as a matter of "advantageous trial strategy," this Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State,* 126 Idaho 231, 880 P.2d 261, 263 (Ct.App. 1994); *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). We find no merit in Sanchez's argument that his attorney should have filed the motion to dismiss the multiplicitous charges as a matter of trial strategy.

## CONCLUSION

The district court properly held that Sanchez's application for post-conviction relief did not raise any claim upon which relief should be granted. The court did not err in dismissing the application for post-conviction relief after an evidentiary hearing.

The judgment and order dismissing the application for post-conviction relief is affirmed.

LANSING and PERRY, JJ., concur.