974 P.2d 83

**Gary D. WILLIAMS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 24420.

Court of Appeals of Idaho.

Dec. 3, 1998.

**438**

S. Criss James, Caribou County Public Defender, Soda Springs, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Gary D. Williams appeals from the district court's dismissal of his application for post-conviction relief based upon a claim of ineffective assistance of counsel. We affirm.

## I.

## FACTS AND PROCEDURE

Pursuant to a plea agreement, Gary D. Williams pled guilty to felony driving under the influence (D.U.I.), in violation of I.C. §§ 18–8004–8005 and –8005(8). The felony status of the D.U.I. was premised upon two previous D.U.I. convictions, a misdemeanor conviction in Wyoming and a felony conviction in Nevada. The district court gave Williams a unified five-year sentence, with three years fixed, and suspended his driver's license for a period of five years following his release from prison. Williams filed an I.C.R. 35 motion to reduce his sentence which was denied by the district court. He then filed a direct appeal which was dismissed by the Idaho Supreme Court based upon his waiver of his right to appeal pursuant to the plea agreement.

Following the dismissal of his direct appeal, Williams filed an application for post-conviction relief asserting that he received ineffective assistance of counsel. He claimed that his previous conviction in Wyoming could not be used to enhance the instant D.U.I. to a felony offense. Accordingly, he maintained that his trial counsel erred by failing to challenge that conviction. In response, the state filed a motion to dismiss the post-conviction application. Following a hearing, the district court granted the motion to dismiss.

## II.

## THE DISTRICT COURT PROPERLY DISMISSED WILLIAMS' APPLICATION FOR POST CONVICTION RELIEF

### A. Standard Of Review

■ To prevail on a claim of ineffective assistance of counsel Williams must show that his trial counsel's performance was deficient and that counsel's deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Milburn v. State,* 130 Idaho 649, 652, 946 P.2d 71, 74 (Ct.App.1997). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the test. *Sanchez v. State,* 127 Idaho 709, 713, 905 P.2d 642, 646 (Ct.App. 1995).

### B. Analysis

Williams asserts that trial counsel erred by failing to file a motion to suppress Williams' prior D.U.I. conviction in Wyoming. He alleges that the prior conviction should have been suppressed because the Wyoming court failed to notify him of its potential use in enhancing penalties in Idaho for subsequent convictions.[1] Williams maintains that without this notice the state violated his right to

---

1. The record indicates that Williams entered a written guilty plea through his attorney, but was     not actually present in the Wyoming court.

due process when it based a felony D.U.I charge on this previous conviction.

■■■ The due process clause of the United States Constitution does not require a court to give a defendant notice that his conviction might be used for enhancement purposes should the defendant later be convicted of another crime. *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). The due process clause of the Idaho Constitution is interpreted independently, and this Court is not necessarily bound by the federal interpretation of due process. *Schevers v. State,* 129 Idaho 573, 577, 930 P.2d 603, 607 (1996). However, we do take the rationale employed by the United States Supreme Court in deciding Fourteenth Amendment due process cases into consideration. *Id.*

■■■ In *Nichols,* the Supreme Court found that precedent did not suggest a notice requirement. *Nichols, supra* at 748, *citing Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). It then went on to consider the implications of requiring notice:

Nor is it at all clear exactly how expansive the warning would have to be; would a Georgia court have to warn the defendant about permutations and commutations of recidivist statutes in 49 other states, as well as the criminal history provision of the Sentencing Guidelines applicable in federal courts? And a warning at the completely general level—that if he is brought back into court on another criminal charge, a defendant such as Nichols will be treated more harshly—would merely tell him what he must surely already know.

*Id.* We find this rationale persuasive.[2] The value of explaining every possible legal consequence of a conviction to a defendant is outweighed by the immense burden such a requirement would place on courts. Furthermore, a general warning would be of little use to defendants. Therefore, we conclude that the due process clause of the Idaho Constitution does not require that a misdemeanor defendant be notified of the possibility that a conviction may be used to enhance the penalties of any subsequent convictions. Hence, even in the absence of such a warning, a prior out-of-state conviction can be used to enhance the penalties of a subsequent Idaho conviction. *See also State v. Nickerson,* 121 Idaho 925, 929, 828 P.2d 1330, 1334 (Ct.App.1992) (statutory provision requiring sentencing court to advise defendant in writing of enhanced penalties for subsequent convictions does not make written advice a condition to prosecution thereunder.)

### III.

### CONCLUSION

Because a motion to strike the Wyoming conviction on the basis of failure to notify of enhanced penalties would not have been successful, we hold that Williams did not receive ineffective assistance of counsel. Accordingly we affirm the district court's dismissal of Williams' application for post-conviction relief.

Chief Judge LANSING and Judge PERRY, CONCUR.

---

**2.** The *Nichols* decision also held that, consistent with the Sixth and Fourteenth Amendments, an uncounseled misdemeanor conviction, valid due to the absence of the imposition of a prison term, is also valid when used to enhance punishment at a subsequent conviction, effectively overruling *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980).