979 P.2d 124

**Steven John MEDINA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 23709.

Court of Appeals of Idaho.

April 8, 1999.

Review Denied June 21, 1999.

Lyon & Lyon, Pocatello, for petitioner-appellant.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Steven John Medina appeals from the district court's dismissal of his application for post-conviction relief. Medina had asserted that both pre-trial and trial counsel rendered ineffective assistance when they failed to object to the state's use of a sentence enhancement even though the state had not notified the defendant *in writing* of its intention to use the enhancement prior to the preliminary hearing. We affirm.

## I.

## FACTS AND PROCEDURE

Following a drive-by shooting, eye-witnesses identified the gunman as Medina. On August 9, 1993, he was arrested and charged with aggravated assault pursuant to I.C. §§ 18–901 and 905(a)(1). Medina's brother, Peter, faced charges stemming from the same incident. On August 18, the state filed with the court written notice of its intent to seek enhanced penalties for the defendant as a persistent violator. This notice further declared the state's intention to utilize the enhanced penalty provision for the use of a deadly weapon as found in I.C. § 19–2520.[1] Although the document named "Steve Medina" as the defendant, it did not include a case number or a certificate of service. When the form was delivered to the court, the deputy clerk inadvertently placed it inside *Peter* Medina's file.

A joint preliminary hearing was held for the Medina brothers on September 8, 1993. At the post-conviction hearing, both the prosecutor and Medina's pre-trial counsel testified that prior to the start of the preliminary hearing, they met to discuss the case. The prosecutor asserted that he informed defense counsel of the state's intention to seek enhanced penalties including the deadly weapon enhancement. Pre-trial counsel testified that while it was standard practice for the state to orally notify him of any enhancements at this meeting, he did not recall exactly what was discussed. Although Medina's pre-trial counsel could not remember what terms were discussed at this meeting, the prosecutor was able to produce his handwritten notes taken at that time which reflect the defense offer for a proposed plea agreement:

Steve Medina

1. Would waive today if:
a. guilty to a.a.
b. dismiss drug charge
c. *dismiss deadly weapon*
d. dismiss the [habitual offender enhancement]
e. sent. agreement

(Emphasis added.).

The record contains conflicting testimony as to whether Medina's pre-trial counsel directly informed him of the state's intention to

---

1. I.C. § 19–2520 provides in part:

Any person convicted of a violation of sections 18–905 (aggravated assault defined) ... Idaho Code, who displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit the crime, shall be sentenced to an extended term of imprisonment. The extended term of imprisonment authorized in this section shall be computed by increasing the maximum sentence authorized for the crime for which the person was convicted by fifteen (15) years.

....

The additional terms provided in this section shall not be imposed unless the fact of displaying, using, threatening, or attempting to use a firearm or other deadly weapon while committing the crime is separately charged in the information or indictment and admitted by the accused or found to be true by the trier of fact at the trial of the substantive crime; provided, however, that *the prosecutor shall give notice to the defendant of intent to seek an enhanced penalty at or before the preliminary hearing or before a waiver of the preliminary hearing, if any.*

(Emphasis added.).

use the enhancement. Pre-trial counsel first testified that he could not be sure whether he discussed the enhancement with Medina after speaking with the prosecutor. Pre-trial counsel stated that according to his usual practice he would have discussed anything he learned from the prosecutor with his client. He then recalled discussing the possibility of the state's use of enhanced penalties with Medina. Pre-trial counsel later testified that he did not object to the state's filing of an information including the deadly weapon enhancement because he had discussed the enhancement with Medina and also because he was unaware of any statutory requirement that the notice be in writing.

After the preliminary hearing, Medina was ordered to answer on an aggravated assault charge. He was then assigned new counsel and his case was joined with Peter's for trial. The state then filed an information which included the request for a sentence enhancement for the use of a deadly weapon. Although written notice of the sentence enhancement was not in his file, Medina's new trial counsel failed to object to the inclusion of that enhancement in the information. At the post-conviction hearing, trial counsel stated that he did not object because he assumed that the proper paperwork was in the file.

Following a trial, the jury found Medina guilty of aggravated assault and further found that he had utilized a firearm while committing the crime. He received a five-year fixed sentence for aggravated assault, enhanced by a ten-year indeterminate sentence under the deadly weapon enhancement statute. A joint, direct appeal was filed by both of the Medina brothers. In that appeal Medina asserted that the state failed to give him timely notice of its intent to charge him under the enhancement statute. However, this Court declined to address the issue because an objection had not been raised below. *See State v. Medina*, 128 Idaho 19, 23, 909 P.2d 637, 641 (Ct.App.1996).

Medina filed an application for post-conviction relief pursuant to I.C. § 19–4901. Medina asserted that the trial court was without jurisdiction to convict him under the deadly weapon enhancement statute because the

state failed to timely notify him of its intent to use the enhancement and that he received ineffective assistance of counsel when both pre-trial and trial counsel failed to object to the use of the sentence enhancement.[2] Upon motion by the state, the district court summarily dismissed Medina's petition. He appealed. During the pendency of the appeal, the parties stipulated that there was a material issue of fact as to whether the state had properly notified Medina of its intent to seek the penalty enhancement and jointly requested that the case be remanded to the district court for an evidentiary hearing. This motion was granted and following a hearing, the district court dismissed the application for post-conviction relief holding that Medina, through his pre-trial counsel, had received notice of the state's intent prior to his preliminary hearing.

Medina appeals asserting that the district court erred in finding that he had received proper notice of the state's intent and that he had not received ineffective assistance of counsel.

## II.

## STANDARD OF REVIEW

 In order to prevail in a post-conviction proceeding, the applicant must prove by a preponderance of the evidence the allegations upon which the request for post-conviction relief is based. *Follinus v. State*, 127 Idaho 897, 908 P.2d 590 (Ct.App.1995); *see also* I.C. § 19–4907 (stating that all rules and statutes applicable in civil proceedings are available to the parties in a post-conviction relief case). Once the district court has denied or granted the post conviction application following a hearing, the evidence must be viewed most favorably to the trial court's findings. *Reynolds v. State*, 126 Idaho 24, 28, 878 P.2d 198, 202 (Ct.App.1994).

 The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho

2. Medina relies on *State v. Pardo*, 109 Idaho 1036, 712 P.2d 737 (Ct.App.1985).

72, 764 P.2d 439 (Ct.App.1988). On appeal, findings of fact made by the trial court shall not be set aside unless clearly erroneous. I.R.C.P. 52(a); *Russell v. State,* 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). Findings supported by competent and substantial evidence produced at the hearing will not be disturbed. *Sanchez v. State,* 127 Idaho 709, 711, 905 P.2d 642, 644 (Ct.App.1995). However, this Court freely reviews the legal conclusions drawn by the trial court from the facts found. *Id.*

## III.

### MEDINA DID NOT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim of ineffective assistance of counsel a petitioner must first show that trial counsel's performance was deficient. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Milburn v. State,* 130 Idaho 649, 652, 946 P.2d 71, 74 (Ct.App. 1997). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Because there is a strong presumption that counsel's performance falls within the wide range of professional assistance, the defendant bears the burden of proof to show that counsel's representation fell below an objective standard of reasonableness. *Aragon,* 114 Idaho at 760, 760 P.2d at 1176, *citing Strickland,* 466 U.S. at 688–689, 104 S.Ct. 2052.

A petitioner must also demonstrate that counsel's deficient performance prejudiced his defense. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Aragon,* 114 Idaho at 760, 760 P.2d at 1176; *Milburn,* 130 Idaho at 652, 946 P.2d at 74. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. In order to prevail, Medina must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Aragon,* 114 Idaho at 761, 760 P.2d at 1176, *quoting Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

Although I.C. § 19–2520 requires the prosecutor to provide notice to the defendant of the state's intention to seek an enhanced penalty, its plain language does not require that this notice be in writing. *Compare, for example,* I.C. § 19–519 (written notice of alibi required). Likewise, a requirement of written notice is not mandated by our decision in *State v. Pardo,* 109 Idaho 1036, 712 P.2d 737 (Ct.App.1985). Medina maintains that because Idaho Criminal Rule 12(c) delineates the proper form of written notice, it implies that all notices must be given in writing. We disagree. Rather, the rule only requires that notice which is already in writing and is to be filed with the court meet certain requirements. Therefore, we find oral notice of the state's intent to seek an enhanced penalty for the use of a deadly weapon, under the facts and circumstances described herein, sufficient to satisfy the notice requirement of I.C. § 19–2520.[3]

The district court found that Medina did receive oral notice of the state's intent to pursue the sentence enhancement prior to his preliminary hearing. This factual finding is supported by competent and sufficient evidence. Accordingly, it will not be disturbed on appeal.

Because Medina received the required statutory notice of the state's intention to use the enhancement prior to or at the preliminary hearing, an objection to the state's use of the deadly weapons sentence enhancement by Medina's counsel would have been futile. Accordingly, we hold that Medina did not receive ineffective assistance of counsel.

---

**3.** Although written notice is not absolutely required, we note that the far *better practice* is to provide such notice in writing. Claims such as the instant one could easily be avoided if the state provided a written notice to the defendant with the proper certificate of service prior to the preliminary hearing.

## IV.

## CONCLUSION

The district court's dismissal of Medina's application for post-conviction relief is affirmed.