**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44421**

| | | |
|---|---|---|
| **TONY CURTIS SALLINGS,** | ) | **2017 Unpublished Opinion No. 466** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed:  May 19, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Dane H. Watkins Jr., District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>vacated</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Tony Curtis Sallings appeals from the district court's judgment summarily dismissing Sallings' petition for post-conviction relief.  Sallings alleges the district court erred because Sallings raised a genuine issue of material fact for his ineffective assistance of trial counsel claim.  For the reasons explained below, we vacate and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, the State charged Sallings with delivery of a controlled substance after he sold methamphetamine to a confidential informant.  At trial, the State filed a motion in limine to preclude Sallings' trial counsel from putting forth witnesses to testify that the confidential informant stole items from Sallings' apartment while he was incarcerated.  Sallings'

1

trial counsel argued in response that he should be allowed, at a minimum, to cross-examine the confidential informant with respect to how she came into possession of Sallings' property because such information was relevant to the witness's credibility. The trial court prohibited testimony from witnesses about the stolen property, but determined it would allow "the defense to cross-examine the witness regarding the manner and questions relating to the witness's possession of the property. I think it does, in the Court's mind, relate to truthfulness and untruthfulness." However, when it came time to cross-examine the confidential informant, Sallings' trial counsel did not question the confidential informant about the stolen property. The jury ultimately found Sallings guilty of delivery of a controlled substance.

Sallings filed a petition for post-conviction relief, alleging his trial counsel rendered ineffective assistance by failing to impeach or discredit the confidential informant.[1] Sallings further alleged, "It would obviously go to the truthfulness of [the confidential informant] and her motive to potentially fabricate her testimony, so that Mr. Sallings would be incarcerated and she would have access to his property." Moreover, Sallings maintained the failure to inquire into the stolen property was prejudicial because the jury would not have convicted Sallings if trial counsel impeached the confidential informant. The district court held a hearing on the matter and summarily dismissed Sallings' petition, reasoning that trial counsel's inaction adhered to the trial court's ruling on the motion in limine. Accordingly, the district court determined trial counsel was not deficient. Additionally, the district court concluded Sallings failed to demonstrate prejudice arising from trial counsel's failure to cross-examine the confidential informant about the stolen property. Sallings timely appeals.

## II.

## ANALYSIS

Sallings argues the district court erred in summarily dismissing Sallings' petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction

---

[1] The petition for post-conviction relief includes other allegations of ineffective assistance of trial counsel that are not at issue in this appeal.

relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a

3

matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001). On appeal, findings of facts made by the trial court shall not be set aside unless clearly erroneous. I.R.C.P. 52(a)(7); *Medina v. State*, 132 Idaho 722, 725, 979 P.2d 124, 127 (Ct. App. 1999). Where there is competent and substantial evidence to support a decision made after an evidentiary hearing on the application for post-conviction relief, that decision will not be disturbed on appeal. *Whiteley v. State*, 131 Idaho 323, 326, 955 P.2d 1102, 1105 (1998); *Medina*, 132 Idaho at 725, 979 P.2d at 127.

Here, the district court's factual finding--that trial counsel adhered to the trial court's ruling on the motion in limine--is, in part, clearly erroneous. The trial court did not permit Sallings to call witnesses to the stand to testify that the confidential informant stole items from Sallings' apartment, and trial counsel did in fact adhere to that ruling. As to the confidential informant, the trial court *did* permit trial counsel to cross-examine the confidential informant because such testimony related to truthfulness and untruthfulness (i.e., the witness's credibility). However, trial counsel chose not to question the confidential informant about the stolen property. Because the district court's findings of fact upon which the summary dismissal was based are clearly erroneous in part, we remand. *Stuart v. State*, 127 Idaho 806, 817, 907 P.2d 783, 794

4

(1995) (holding the district court's conclusion was clearly erroneous and remanding to the district court with instructions to weigh the evidence a second time).

## III.
## CONCLUSION

The district court's findings of fact that trial counsel adhered to the trial court's ruling on the motion in limine are clearly erroneous. We therefore vacate and remand to the district court for consideration of Sallings' ineffective assistance of trial counsel claim because counsel was in fact allowed to cross-examine the confidential informant but elected not to.

Judge MELANSON and Judge HUSKEY **CONCUR**.